QUESTION: Should the statutory bid on a tax deed include current taxes if application for a tax deed is made after the current year's tax bills have been mailed but before the delinquency date, or could current taxes be paid from overbid moneys derived from the tax deed sale?
SUMMARY: Current year's taxes should not be included in the statutory bid at a tax deed sale held during the period from November 1, or the date on which the roll is certified for collection, to the following delinquency date of April 1. Tax deed sales held during such period are made subject to current unpaid taxes. Therefore, current taxes should not be paid from overbid moneys generated by a tax deed sale held during that period. Both parts of your question are answered in the negative. Section 197.241(2) and (3), F.S., addresses the matter of statutory bids at tax deed sales. The section, where pertinent, states: (2) Any certificate holder, other than the county, making application for a tax deed shall pay the collector all amounts required for redemption or purchase of all other outstanding tax certificates, plus interest, any omitted taxes, plus interest, and delinquent taxes plus interest, covering the land. . . . (3) . . . Upon application for a tax deed, the county shall deposit with the collector all applicable costs and fees, but shall not deposit any money to cover the redemption of other outstanding certificates covering the land. The opening bid shall be the sum of the value of all outstanding certificates against the land, plus omitted years' taxes, delinquent taxes, interest, and all costs and fees paid by the county. Chapter 12B-1.343, F.A.C., addresses the same point, as follows: . . . The grand total of all outstanding tax certificates redeemed, and tax certificate or certificates in the possession of the applicant cancelled in connection with the tax deed application, and the amount of the tax certificate on which the application for tax deed is based, plus the collector's fees and costs as specified, and the clerk's cost and fees as set forth in Section 28.24, Florida Statutes, shall be the statutory (opening) bid required by the clerk of the court at said sale. Nowhere does the statute or the rule require or permit the inclusion of current taxes in the statutory opening bid. Furthermore, Ch. 12B-1.343, supra, requires that the collector include a statement in his certification to the clerk that the land is subject to current taxes. It also requires the clerk to state in his advertisement of sale that the land is to be sold subject to current taxes. Therefore, current taxes may not be included in the statutory bid at a tax sale held between November 1 and the following delinquency date of April 1. Rather, such sale must proceed subject to the current year's taxes. Attorney General Opinion 074-32. It should be noted that, after the delinquency date, s. 197.241, F.S., does require the inclusion of delinquent taxes for the current year in the statutory bid, although that requirement is not reflected in the regulations of the Department of Revenue. Attorney General Opinion 074-32. It should also be pointed out that the period of time for paying current year's taxes may vary due to the lateness of the tax roll being certified. Should this be the case, there is still no requirement to include the current year's taxes in the opening statutory bid. A tax deed purchased during such period would be purchased subject to the current year's taxes. Since tax deed sales occurring between the date that the roll is certified for collection and the delinquency date of April 1 must proceed subject to current taxes, it follows that current taxes may not be paid from overbid moneys generated at such a sale. Tax deeds during such periods are purchased subject to the current year's taxes.